United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JUAN MANUEL LOZA,<br><br>Defendant. | Case No. 17-cv-06474-HSG<br><br>**ORDER GRANTING MOTION FOR ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 38 |

Pending before the Court is Plaintiffs' motion for an order to show cause why the Court should not hold Defendant Juan Manuel Loza in contempt and impose monetary sanctions against him. *See* Dkt. No. 38 ("Mot."). For the following reasons, the Court **GRANTS** the motion.

On August 15, 2018, the Court entered a mandatory injunction requiring Defendant to submit to an audit of specified records. *See* Dkt. No. 31. Plaintiffs claim that they made considerable efforts to serve filings on Defendant by mail and personal delivery and have called his office and spoken to his assistant. *See* Mot. at 4–5. Plaintiffs state that despite their efforts, Defendant has refused to submit to a complete audit. *See id.* Plaintiffs aver that Defendant told them he does not intend to provide documents from a related sole proprietorship because he does not believe them to be responsive to the audit. *See id.* at 5. At the hearing held on January 17, 2019, Plaintiffs said that they had not had contact with Defendant since filing their motion. Plaintiffs request that the Court issue an order to show cause why Defendant should not be held in contempt and why he should not be sanctioned for the $1,897.50 in attorneys' fees and costs incurred in preparing this motion. *Id.* at 6.

Civil contempt "consists of a party's disobedience to a specific and definite court order by

failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (internal quotation and citation omitted). Once the moving party does so, the "burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.*

"Plaintiffs are entitled to recover attorney's fees and costs incurred in bringing and prosecuting . . . contempt proceedings." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014). The "cost of bringing the violating to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order." *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985).

Plaintiffs have met their burden to show by clear and convincing evidence that Defendant violated a specific order of the Court by failing to comply with the mandatory injunction. Defendant has not responded to explain why he was unable or unwilling to comply. Accordingly, the Court **ORDERS** Defendant to appear in person before this Court on Thursday, April 18, 2019 at 2:00 p.m. in Courtroom 2, Fourth Floor, Oakland, CA to show cause why the Court should not hold him in contempt and sanction him for his failure to comply with the mandatory injunction.

**IT IS SO ORDERED.**

Dated: 4/8/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge