UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JUAN MANUEL LOZA,<br><br>Defendant. | Case No. 17-cv-06474-HSG<br><br>**ORDER FINDING CONTEMPT** |

Plaintiffs, which are trust funds organized under the Labor Management Relations Act of 1974 ("LMRA"), sued Defendant Juan Manuel Loza (doing business as Loza & Sons Construction) in November 2017 for breaching a collective bargaining agreement. *See* Dkt. No. 1. Plaintiffs sought damages and a mandatory injunction to compel Loza to submit to an audit. *See id.* at 6–7. The Clerk entered default as to Loza on January 30, 2018. *See* Dkt. No. 13. On August 15, 2018, the Court entered a mandatory injunction requiring Loza to submit to an audit of specified records. *See* Dkt. No. 31.

Plaintiffs moved for an order to show cause why Loza should not be held in contempt and sanctioned for the $1,897.50 in attorneys' fees and costs incurred in preparing the motion. *See* Dkt. No. 38. The Court granted the motion and ordered Loza to appear in person before the Court. *See* Dkt. No. 40 at 2. Loza did not appear.

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." *See Spallone v. United States*, 493 U.S. 265, 276 (1990) (quoting *Shillitani v. United States,* 384 U.S. 364, 370 (1966)) (internal quotation marks omitted). In addition, Federal Rule of Civil Procedure 70(e) permits the Court to "hold [a] disobedient party in contempt." Fed. R. Civ.

P. 70(e). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (internal quotation and citation omitted). A violation will generally be deemed to have occurred where a party "fail[ed] to take all reasonable steps within the party's power to comply" and the "contempt need not be willful." *Reno Air. Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (internal quotation marks omitted). Once the moving party meets its burden, the "burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.*

Plaintiffs have shown by clear and convincing evidence that Loza violated a specific and definite order of the Court by not submitting to an audit of his books and records, as required by the mandatory injunction. Despite the Court's order, Loza did not appear at the show cause hearing. Because Loza did not respond to the order to show cause (and has not participated in this action generally), he has not met his burden to show why he was unable to comply with the mandatory injunction. Thus, the Court **FINDS** Loza in contempt for failing to submit to an audit of his books and records as required by the mandatory injunction.

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). Such sanctions may include "attorney's fees and costs incurred in bringing and prosecuting these contempt proceedings." *Inst. Of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014). However, the "district court generally must impose the minimum sanction necessary to secure compliance." *United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010).

At this time, the Court finds it appropriate to award Plaintiffs $1,897.50 in attorneys' fees and costs incurred in preparing their motion for the purposes of compensating Plaintiffs for their injuries and coercing Loza's obedience with the mandatory injunction. In addition, in accordance with the discussion at the show cause hearing, Plaintiffs are directed to submit a supplemental brief by May 9 discussing whether a bench warrant should be issued for Loza's arrest. *See* Dkt.

No. 42 (minute entry).

Having found Loza in contempt, the Court **ORDERS** Loza to pay a sanction in the amount of $1,897.50 to Plaintiffs.

**IT IS SO ORDERED.**

Dated: 4/22/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge