United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JUAN MANUEL LOZA,<br><br>Defendant. | Case No. 17-cv-06474-HSG<br><br>**ORDER GRANTING MOTION FOR ISSUANCE OF BENCH WARRANT FOR THE ARREST OF JUAN MANUEL LOZA**<br><br>Re: Dkt. No. 45 |

Pending before the Court is Plaintiffs' motion for the issuance of a bench warrant for the arrest of Defendant Juan Manuel Loza. *See* Dkt. No. 45. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion and issues a bench warrant for Defendant's arrest.

**I.  BACKGROUND**

Plaintiffs, trust funds organized under the Labor Management Relations Act of 1974, filed this action against Defendant in November 2017 for breaching a collective bargaining agreement. *See* Dkt. No. 1. Since that time, Defendant has consistently missed court-imposed deadlines and disobeyed court orders:

On August 15, 2018, the Court entered a mandatory injunction requiring Defendant to submit to an audit of specified records of Loza & Sons Construction. *See* Dkt. No. 31. The Court directed Defendant's immediate action. *Id.* at 2. However, Defendant failed to submit to the audit and provide the requisite documents. Consequently, on September 27, 2018, Plaintiffs filed a motion for an order to show cause why the Court should not hold Defendant in contempt and

1 impose monetary sanctions against him. *See* Dkt. No. 38. Defendant did not explain why he was unable or unwilling to comply with the Court's order. *See* Dkt. No. 40 at 2. The Court, therefore, granted Plaintiffs' motion and ordered Defendant to appear in person before the Court on April 18, 2019. *Id.* Defendant did not appear at the show cause hearing, and the Court subsequently sanctioned Defendant and ordered him to pay Plaintiffs $1,897.50 for the attorneys' fees and costs that Plaintiffs incurred in preparing their motion. *See* Dkt. No. 43 at 2–3.

On May 9, 2019, Plaintiffs filed the pending motion for the issuance of a bench warrant for Defendant's arrest. *See* Dkt. No. 45. Plaintiffs explained that Defendant had still neither submitted to the audit, nor paid the monetary sanctions. *See id.* at 3; *see also* Dkt. No. 46 ¶ 2. Defendant's opposition to the motion was due by May 23, 2019. Yet again, Defendant did not meet this deadline.

## II. ANALYSIS

To date, Defendant has not submitted all ordered documents and records for audit and has not paid Plaintiffs' the $1,897.50 in monetary sanctions. Defendant has also not appeared or made any attempt to explain his failure to abide by the Court's orders. Defendant's contempt, *see* Dkt. No. 43, has thus continued for over a year.

The Court "ha[s] the inherent power to enforce compliance with [its] lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). This includes the "power to punish by fine or *imprisonment*, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3) (emphasis added).

//
//
//
//
//
//
//

2

### III. CONCLUSION

To compel compliance with the Court's audit and sanction orders, the Court **GRANTS** Plaintiffs' motion and **ORDERS** that a bench warrant for the arrest of Defendant Juan Manuel Loza be issued. The Clerk is **DIRECTED** to process the proposed warrant at Dkt. No. 47. The Court further **ORDERS** that Defendant shall be detained until this Court orders discharge from custody.

**IT IS SO ORDERED.**

Dated: 9/4/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge