1  PAUL V. SIMPSON, BAR NO. 83878
   psimpson@sgijlaw.com
2  SEAN R. BRODERICK, BAR NO. 263942
   sbroderick@sgijlaw.com
3  SIMPSON, GARRITY, INNES & JACUZZI
   Professional Corporation
4  601 Gateway Boulevard, Suite 950
   South San Francisco, California 94080
5  Telephone: (650) 615-4860
   Fax: (650) 615-4861
6
7  Attorneys for Defendant
   Juan Manuel Loza dba Loza & Sons Construction

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND)

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUT FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>        Plaintiffs,<br><br>v.<br><br>JUAN MANUEL LOZA, an individual doing business as LOZA & SONS CONSTRUCTION,<br><br>        Defendant. | Case No. 4:17-cv-06474-HSG<br><br>**STIPULATION AND ORDER TO SET ASIDE THE NOTICE OF ENTRY OF DEFAULT**<br><br>*Assigned for All Purposes to*<br>*District Judge Haywood S. Gilliam, Jr.*<br><br>Courtroom 2 – 4th Floor<br><br>Complaint filed:   November 7, 2017<br>FAC filed:            January 13, 2020 |

///

///

///

///

The parties hereby request that this Court set aside the Notice of Default entered January 30, 2018, based on the following grounds:

Plaintiffs filed their original Complaint on November 7, 2017, against Defendant Juan Manual Loza, an individual doing business as Loza & Sons Construction ("Loza" and/or "Defendant") alleging claims for breach of a collective bargaining agreement (to recover unpaid trust fund contributions) and for mandatory injunctive relief.

During all relevant times prior to Plaintiffs filing their First Amended Complaint ("FAC") on January 13, 2020, Defendant Loza was an unrepresented party in *propria persona*. Plaintiffs submitted a Request for Entry of Default against Defendant to this Court and default was entered against Loza on January 30, 2018. Plaintiffs personally served their FAC on January 17, 2020, on Defendant.

Defendant just retained the undersigned counsel, SIMPSON, GARRITY, INNES & JACUZZI and defense counsel only recently learned of the entry of default, and therefore began to take diligent steps in order to remedy the default.

A. **Legal Standard For Setting Aside Default**.

The Federal Rules of Civil Procedure for determining when a default should be set aside are more solicitous towards a movant, especially in cases where the actions leading to the default were taken without the benefit of legal representation. *United States v. Mesle* (9th Cir 2010) 615 F.3d 1085, 2010 U.S. App. LEXIS 16120, *1-2 [setting aside default against *pro per* defendant and finding that a layperson working ***without*** the aid of an attorney should not be held to the same standards to which courts hold sophisticated parties acting with the benefit of legal representation]; *see* also, *TCI Group Life Ins. Plan v. Knoebber* (9th Cir 2001) 244 F.3d 691, 695-98.

Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside upon a showing of good cause. Fed. R. Civ. P. 55(c). The Ninth Circuit's good cause standard for setting aside entry of default is the same as that for setting aside default judgment under Rule 60(b), but the test for setting aside entry of default is ***less rigid and is more generous*** to the party

in default. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.* (9th Cir. 2004) 375 F.3d 922, 925.

The Ninth Circuit considers three factors when deciding whether to set aside default: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, *supra*, 375 F.3d at 925-26. In addition, "[t]he law does not favor defaults," and "therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Bonita Packing Co. v. O'Sullivan* (C.D. Cal. 1995) 165 F.R.D. 610, 614.

**B.      Defendant's Delay in Responding to the Lawsuit was Not Culpable.**

In the Ninth Circuit, analysis of "culpability" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). *TCI Group Life Ins. Plan v. Knoebber* (9th Cir. 2001) 244 F.3d 691, 696 [questioned on other grounds]; *Meadows v. Dominican Republic* (9th Cir.1987) 817 F.2d 517, 522. In analyzing culpability, the court may consider a defendant's exigent personal matters, his mental state, and his lack of familiarity with legal matters. *Knoebber, supra,* 244 F.3d 691at 699 [finding defendant's delay in response not culpable because she was grieving the death of her husband and was not familiar with the legal system].

Here, at the time of service Defendant (in *pro per*) believed in good faith that he was not bound to the Laborers' Master Agreement for Northern California (the "Master Agreement"), and therefore Defendant thought (mistakenly) that was he was not required to respond to Plaintiffs' original Complaint. In addition, Defendant's first language is Spanish and his fluency in English is limited, which further hampered his ability to understand his obligations about responding to Plaintiffs' original Complaint. In fact, Defendant only began to appreciate the seriousness of needing to respond to the instant action after this Court issued (on September 4, 2019) a bench warrant – based on Defendant's failure to comply with Plaintiffs' request for a mandatory injunction demanding an audit – which resulted in Loza's arrest. Thereafter and upon Defendant's release, Loza agreed to comply with Plaintiffs' demand for an audit concerning Defendant's trust

fund contributions. On or about November 18, 2019, Plaintiffs conducted their audit concerning Loza's alleged unpaid fringe benefit trust fund contributions. Based on this audit, Plaintiffs amended their original Complaint setting forth their purported monetary damages.

After Plaintiffs served their FAC on January 17, 2020, Loza immediately began seeking representation. The conduct of Loza does not equate to a bad faith or intentional act to delay prosecution of the case. This Stipulation and [Proposed] Order to Set Aside the Notice of Entry of Default is being filed within one week of recently retained defense counsel learning that a default was entered, thereby showing that defense counsel has been diligent in addressing the problem. Furthermore, the original Complaint did not seek monetary damages since the audit had not yet been conducted. Defendant has not had an opportunity to address plaintiff's Amended Complaint for monetary damages.

C.  **Defendant Has a Meritorious Defense to the Lawsuit**.

A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone* (9th Cir. 1986) 794 F.2d 508, 513. All that is required is an assertion of "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true if resolved at a later stage." *Audio Toys, Inc. v. Smart AV Pty Ltd.*, 2007 U.S. Dist. LEXIS 44078, *8 (N.D. Cal. June 6, 2007).

In order to prevail in the instant action, Plaintiffs must establish that all of the work that Defendant provided during the Audit Period (defined in the FAC as August 2012, December 2013, December 2014, March – June and December 2015, January – December 2016, January – December 2017, and January – March 2018) was covered under the Master Agreement. Defendant has colorable defenses to Plaintiffs' FAC, including the fact that the majority of work he performed during the Audit Period was residential landscaping work and, therefore, arguably not covered under the Master Agreement, which would relieve Defendant from having had to make certain trust fund contributions to Plaintiffs.

/ / /

/ / /

### D. Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside.

Prejudice is determined by whether a party will be hindered in pursuing its claim. *Knoebber, supra*, 244 F.3d at 701. The fact that a party may be denied a quick victory is not sufficient to deny relief from default judgment. (*Bateman v. United States Postal Service* (9th Cir. 2000) 231 F.3d 1220, 1225. "The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Audio Toys*, *supra*, 2007 U.S. Dist. LEXIS at *9.

This case remains pending and nothing determinative has occurred in this case that setting aside the default will upset. Plaintiffs claim for monetary damages was not encompassed by the original Complaint for audit entry. Defendant must be afforded the opportunity to dispute the claim for damages asserted for the first time in the Amended Complaint. Plaintiffs have agreed to set aside the Notice of Entry Default. As no prejudice will result to Plaintiffs setting aside the default the third and final good cause factor is satisfied.

### E. Stipulation of the Parties

The parties, through their respective attorneys of record, **HEREBY STIPULATE AND AGREE** that the default entered against Defendant Juan Manuel Loza, an individual doing business as Loza & Sons Construction, in this action on January 30, 2018 should be **VACATED**.

It is further stipulated between Plaintiffs, represented by Ronald L. Richman, Esq. and Sarah Bowen, Esq., Bullivant Houser Bailey PC and Defendant, Juan Manuel Loza, an individual doing business as Loza & Sons Construction, represented by Paul V. Simpson, Esq. and Sean R. Broderick, Esq., that Plaintiffs' Request for Clerk's Entry of Default, be set aside and Defendant be allowed to file a responsive pleading. The parties stipulate that Defendant shall have ten (10)

///
///
///
///
///
///

days to file an answer to the FAC after the Court enters an Order to set aside the Notice of Entry of Default against Defendant.

Date: January 29, 2020

SIMPSON, GARRITY, INNES & JACUZZI
Professional Corporation`

By: /s/ *Paul V. Simpson*
    PAUL V. SIMPSON
    SEAN R. BRODERICK
    Attorneys for Defendant
    Juan Manuel Loza dba Loza & Sons
    Construction

Plaintiff consents to an order setting aside the Notice of Entry of Default.

Date: January 29, 2020

BULLIVANT HOUSER BAILEY PC

By: /s/ *Ronald L. Richman*
    RONALD L. RICHMAN
    SARAH BOWEN
    Attorneys for Plaintiffs
    Board of Trustees of the Laborers Health and
    Welfare Trust Fund for Northern California;
    Board of Trustees of the Laborers Pension Trust
    Fund for Northern California; Board of Trustees
    of the Laborers Vacation-Holiday Trust Fund
    for Northern California; and Board of Trustees
    of the Laborers Training and Retraining Trust
    Fund for Northern California

## ORDER

**GOOD CAUSE APPEARING**, and based on the Stipulation between the parties, the default entered against Defendant Juan Manuel Loza, an individual doing business as Loza & Sons Construction is hereby set aside and **VACATED**. Defendant shall have (10) days to file and serve an Answer to the First Amended Complaint.

**IT IS SO ORDERED**.

DATED: 2/5/2020

Haywood S. Gilliam Jr.
United States District Judge